(No. 1876—

Sarah Rutledge, Administratrix of the Estate of Willis Wells, Deceased, Claimant, vs. State of Illinois, Respondent.

*Opinion filed October 9, 1934.*

Manuel E. Wiseman and Leigh M. Kagy, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

On December 5, 1930, Willis Wells, claimant's intestate, was committed to the Alton State Hospital at Alton, Illinois, and was classified on the records as "General paralysis, of the insane cerebral type, commonly called 'paresis'." Wells was assigned to different work around the institution and on February 9, 1931, in company with about twelve others, was assigned to the work of cleaning down the walls and large iron beams on the second floor of the power house. Wells was a large man, about six feet, four inches tall, and weighed about Two Hundred Eighty (280) pounds. In the course of his work he fell through a piece of defective flooring, and sustained injuries from which he died shortly thereafter. He left him surviving no widow and no child or children, and no descendant or descendants of any deceased child or children, but left him surviving the claimant, Sarah Rutledge, and Katie Wells Martin, his sisters, and James Wells, his brother, as his sole and only heirs at law and next of kin.

Sarah Rutledge was thereafter duly appointed Administratrix of the estate of said descedent by the County Court of Madison County, and qualified as such.

Claimant avers that at and prior to his death, Willis Wells was contributing to the support of Sarah Rutledge, his widowed sister, and her family consisting of her son James, aged 17, and her daughter Lovey Rutledge Fleming, aged 20, and seeks to recover damages for the pecuniary loss sustained by the next of kin of said decedent, as the result of his death.

Decedent left no lineal heirs, and there is nothing in the record to show that he was contributing anything whatsoever to the support of any of his heirs at or just prior to the time of his death. He had contributed to the support of his sister, Sarah Rutledge, prior to the time he was committed to the Illinois State Hospital, which was on December 5, 1930, and there is nothing in the record to show a contribution to any of his heirs since that date, nor does the record show that he owned any property whatsoever out of which he could have made a contribution had he desired to do so, nor does the evidence show that there was any reasonable probability that he would ever again be in condition to be released from

the institution and earn any money out of which he could contribute to the support of his relatives in the future.

Furthermore, under the well-established law of this State, the State is not legally or equitably liable to the claimant in this case. In the conduct of its charitable institutions the State exercises a governmental function and is not liable for the neglect of its official agents or employees in connection therewith, for the reason that the doctrine of *respondeat superior* does not apply to the State in the exercise of its governmental functions. This is admitted by counsel for claimant in their reply brief, but they ask that an award be made on the ground of equity and good conscience.

The authority of this court to allow an award in any case solely on the ground of equity and good conscience was thoroughly considered by this court in a number of recent cases. *Crabtree* vs. *State,* 7 C. C. R. 207; *Morrissey* vs. *State,* No. 2233, decided at the January term of this court.

In the Crabtree case the authorities on the question, from the time of the establishment of the court down to the time of the decision, were carefully considered and reviewed, and after such review, the court reached the following conclusion:

"We conclude, therefore, that Section four (4) of Paragraph six (6) of the Court of Claims Act, which provides as follows, to-wit: The Court of Claims shall have power: "to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, ex contractu and ex delicto, which the State as a sovereign commonwealth, should, in equity and good conscience, discharge and pay"; merely defines the jurisdiction of the court, and does not create a new liability against the State, nor increase or enlarge any existing liability; that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award; he cannot invoke the principles of equity and good conscience to secure such an award."

What we said in the Crabtree case applies with equal force in this case. The claimant herein having failed to bring herself within the provisions of some law entitling her to an award, there is nothing this court can do but deny the claim.

It is Therefor Ordered that the claim be disallowed and the case dismissed.